NOT DESIGNATED FOR PUBLICATION

No. 128,512

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANNON LEE WALKER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed September 26, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM: Shannon Lee Walker timely appeals the district court's revocation of his probation after committing a new crime while on probation. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not respond. Finding the district court did not abuse its discretion, we affirm.

In May 2023, Walker pled no contest to aggravated battery under K.S.A. 2022 Supp. 21-5413(b)(1)(B), for acts committed in February 2023. The district court sentenced Walker to 31 months' imprisonment but suspended the sentence and granted Walker 18 months' probation.

Probation did not go well. In September 2023, the State filed a motion to revoke probation, claiming Walker had committed a new crime—aggravated battery while driving under the influence. At the revocation hearing, Walker admitted he was convicted of the crime alleged in the State's motion. The district court revoked Walker's probation for committing a new crime and ordered Walker to serve his underlying prison sentence.

On appeal, Walker argues the district court abused its discretion in ordering him to serve his underlying prison sentence rather than reinstating his probation or imposing a lesser sentence. Walker suggests "there was no purpose in ordering [him] to serve the additional 31-month sentence imposed in this matter" because his sentence for the new crime was roughly 10 years.

Once the district court determines the defendant violated the terms of probation, the decision to revoke probation lies in the discretion of the district court, subject to statutory limitations. *State v. Tafolla*, 315 Kan. 324, 328-29, 508 P.3d 351 (2022). A district court abuses its discretion if its decision is based on an error of fact or law or is arbitrary, fanciful, or unreasonable. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Walker bears the burden to establish such abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Here, the district court made no error of law or fact. Walker acknowledged at the probation revocation hearing that he had committed a new crime while on probation. Walker's new conviction allowed the district court to bypass sanctions and revoke Walker's probation. See K.S.A. 2022 Supp. 22-3716(c)(7)(C). The district court acted within its statutory authority and sound discretion in revoking Walker's probation and imposing his underlying prison sentence.

Affirmed.